# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1474 | **DATE** | 12/13/2001 |
| **CASE TITLE** | Rahim Azizarab vs. INS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Azizarab seeks a writ of habeas corpus apparently challenging his detention in Canada. However, the writ of habeas corpus is specifically intended to provide an avenue for prisoners to challenge their detention in United States federal or state custody. Neither the United States nor the State of Illinois is currently holding Azizarab in any facility, and neither entity has him in custody anywhere. It is not within this court's power to issue writs of habeas corpus to foreign governments. Azizarab's petition for writ of habeas corpus is therefore denied. The status hearing set for 12/21/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 12/13/2001 | |
| | Copy to judge/magistrate judge. | 01 DEC 14 AM 8:40 | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAHIM AZIZARAB, )
)
Petitioner, )
) Case No. 00 C 1474
v. )
)
IMMIGRATION AND NATURALIZATION SERVICE, )
)
Respondent. )
)

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Presently before us is Petitioner Rahim Azizarab's petition for writ of habeas corpus. His petition appears to be another chapter in a long saga that began with his desire to obtain custody of his infant son – and his misguided methods for doing so.

Many of the following facts are taken from the Illinois Appellate Court opinion affirming Azizarab's conviction for child abduction. *People v. Azizarab*, 317 Ill. App. 3d 995 (Ill. App. Ct. 2000). Azizarab, a native of Iran, first came to the United States in 1977 and became a lawful permanent resident in 1987. In February 1997, Azizarab's son was born with cocaine in his system. The court determined the son to be neglected by his mother and the man then believed to be the biological father. The child was placed in the custody of the Illinois Department of Children and Family Services (DCFS) on July 8, 1997. Sometime thereafter, blood tests revealed that Azizarab was the biological father of the child. Azizarab thereafter pursued sole custody of the child.

Apparently frustrated by DCFS's delay in awarding him custody, Azizarab took matters into his own hands. During a supervised visit in July 1998, he abducted his son. Azizarab was soon arrested, convicted of child abduction in violation of 720 ILCS 5-10(B)(1), and sentenced in the Circuit Court of Cook County to two years' probation on April 8, 1999. On September 16, 1999, Azizarab was convicted for a second abduction of his son in the Circuit Court of child abduction and sentenced to

1

21

18 months in prison. He appealed this second conviction which was affirmed by the Illinois Appellate Court on December 4, 2000. *People v. Azizarab*, 317 Ill. App. 3d 995 (Ill. App. Ct. 2000).

In January 2000, the Immigration and Naturalization Service issued Azizarab a "Notice to Appear," thereby initiating removal proceedings against him. See 8 U.S.C. §1229. The notice stated that Azizarab was subject to removal pursuant to the Immigration and Nationality Act because he had committed an aggravated felony. Specifically, Azizarab's child abduction conviction was alleged to be the aggravated felony of "a crime of violence" as defined in 18 U.S.C. §16. He was deported to Iran on May 24, 2000.

According to correspondence attached as exhibits to Respondent's Response Brief, Azizarab attempted to enter Montreal, Canada via an airline flight from Amsterdam in October 2001. During inspection, immigration officials found family court documents in Azizarab's possession and later discovered that he had been deported from the United States. Azizarab is presently in the custody of Citizenship and Immigration of Canadian (CIC) in Montreal. Azizarab's Response to Respondent's Brief confirms that he is presently "in custody of the Immigration in Montreal."

This multi-national scenario brings us to the crux of Azizarab's habeas petition: he seeks a writ of habeas corpus apparently challenging his detention in Canada. However, the writ of habeas corpus is specifically intended to provide an avenue for prisoners to challenge their detention in United States federal or state custody. See 28 U.S.C. §2241 ("The writ of habeas corpus shall not extend to a prisoner unless. . . [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof"). Neither the United States nor the State of Illinois is currently holding Azizarab in any facility, and neither entity has him in custody anywhere. It is not within this court's power to issue writs of habeas corpus to foreign governments.

Azizarab's petition for writ of habeas corpus is therefore denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 12/13/01

2